**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AUSTEN MICHAEL THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )    Case No. 25-cv-1789-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Petitioner Austen Michael Thomas, currently incarcerated at the FCI Greenville, filed the instant petition pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his conviction (Doc. 1).

On March 7, 2023, Thomas pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and one count of knowingly possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Thomas*, No. 3:22-cr-22 (S.D. Iowa), Doc. 217. He was sentenced on December 13, 2023 in the Southern District of Iowa to 120 months in prison, to be followed by 5 years of supervised release. *Id.*, Doc. 347. Thomas later filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, followed by a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, both of which were denied by the sentencing court in August 2025. *See Thomas v. United States*, No. 4:25-cv-00105 (S.D. Iowa), Doc. 4; *Thomas v. United States*, No. 4:25-cv-00292 (S.D. Iowa), Doc. 4.

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes district courts to apply the Rules to other habeas corpus cases.  After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

Thomas argues his conviction under 18 U.S.C. § 922(g)(1) should be vacated as violative of his rights under the Second Amendment as established by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  However, while a petition filed pursuant to 28 U.S.C. § 2241 may properly challenge the execution of a sentence, it may not be utilized to challenge the validity of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Rather, the appropriate vehicle for a federal prisoner to challenge the validity of their sentence is a motion filed pursuant to § 2255 in the sentencing court.  *Jones v. Hendrix*, 599 U.S. 465, 469 (2023) ("Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under, rather than by a petition for a writ of habeas corpus under § 2241.").

Moreover, under § 2255(e), a petition seeking relief under § 2241 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]" Here, Thomas filed a § 2255 motion in the Southern District of Iowa which was denied. *See Thomas v. United States of America*, No. 25-cv-292-RGE, Doc. 3.  While a habeas petition may still be brought in the district of confinement in certain unusual circumstances that "make it impossible or impracticable to seek relief in the

sentencing court," this "savings clause" cannot be used to circumvent the bar on second or successive motions under § 2255. *Jones*, 599 U.S. at 466.[1]

Accordingly, Thomas's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) and Motion to Supplement (Doc. 8) are **DENIED**; this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 7, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

---

[1] Thomas also seeks leave to supplement his petition with citation to a recent decision of the Supreme Court (Doc. 8). If Petitioner believes a new rule of constitutional law calls in to question the validity of his sentence, he must follow the procedure for filling a second or successive motion provided in § 2255(h).